UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARAYA HENOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 13-1621 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM OPINION

This matter is before the Court on the motion to dismiss filed by defendants, the

District of Columbia ("the District") and the District of Columbia Courts.[1]  In this action, *pro se*

plaintiff Henok Araya contends that the District, acting through its judicial branch, has taken his

private property in violation of the Fifth Amendment to the United States Constitution.[2]  The

District responds that this Court lacks subject matter jurisdiction over Dr. Araya's claims,

asserting that they are barred by the Rooker-Feldman doctrine.  Upon careful consideration of

---

[1]     Also pending before the Court are the following motions: plaintiff's motion for
summary judgment; plaintiff's motion for leave to amend his complaint; and plaintiff's motion
for leave to supplement the record with declaration.  The Court addresses these motions infra at 7
n.5.  In addition, the Court summarily dismisses defendant District of Columbia Courts, which,
as a subdivision of the District of Columbia government, is *non sui juris*; that is, the District's
court system is not suable in its own name.  See Sibley v. U.S. Supreme Court, 786 F. Supp. 2d
338, 344-45 (D.D.C. 2011); Kundrat v. District of Columbia, 106 F. Supp. 2d 1, 4-8 (D.D.C.
2000); see also Foggy Bottom Ass'n v. District of Columbia Office of Planning, 441 F. Supp. 2d
84, 88 (D.D.C. 2006).

[2]     The case caption refers to the plaintiff as "Araya Henok."  But it has come to the
Court's attention that the plaintiff, appearing before Magistrate Judge Kay in another matter
pending before this Court, has explained that "Araya" is his surname.  In addition, the Court
notes that the plaintiff is a medical doctor.  Accordingly, the Court refers to him as Dr. Araya.

the parties' arguments, the relevant legal authorities, and the entire record in this case, the Court

will grant the District's motion and will dismiss this action with prejudice.[3]

## I. BACKGROUND

This action concerns a piece of real property located at 1800 New Jersey Avenue,

Northwest, Washington, D.C. Dr. Araya asserts that he purchased this property on April 15,

2004, and that he held title to it until the property was taken from him by the District in August

2011. Compl. at 3, ¶¶ 1-3.[4] More specifically, according to Dr. Araya, the District — acting

through its courts — took the property and gave it to the private party who owned the

neighboring lot, on the basis that Dr. Araya's property was "servient" to it. Id. at 3-4, ¶¶ 3-4.

The District, in its motion, fills in some of the details of this course of events, and

Dr. Araya does not dispute their accuracy. In August 2011, as part of litigated divorce

proceedings, Judge John H. Bayly, Jr. of the Superior Court of the District of Columbia awarded

Dr. Araya's former spouse "sole and separate ownership and possession of the real property

located at 1800 New Jersey Avenue, Northwest, and the adjoining real property located at 435 S

---

[3]   The papers reviewed in connection with the pending motion include the following: plaintiff's complaint ("Compl.") [Dkt. No. 1]; defendants' motion to dismiss ("Defs.' Mot. Dismiss") [Dkt. No. 2]; plaintiff's motion for summary judgment ("Pl.'s SJ Mot.") [Dkt. No. 4]; defendants' memorandum in opposition to plaintiff's motion for summary judgment ("Defs.' Opp. SJ Mot.") [Dkt. No. 6]; plaintiff's motion to amend complaint ("Pl.'s Mot. Am.") [Dkt. No. 7]; plaintiff's proposed amended complaint ("Prop. Am. Compl.") [Dkt. No. 7-1]; defendants' memorandum in opposition to plaintiff's motion to amend complaint ("Defs.' Opp. Mot. Am.") [Dkt. No. 8]; plaintiff's reply to defendants' opposition to motion for summary judgment ("Pl.'s SJ Mot. Reply") [Dkt. No. 9]; plaintiff's reply to defendants' opposition to motion to amend complaint ("Pl.'s Mot. Am. Reply") [Dkt. No. 10]; and plaintiff's motion for leave to supplement the record with declaration ("Pl.'s Mot. Leave Suppl.") [Dkt. No. 11].

[4]   Dr. Araya, both in his complaint and in his proposed amended complaint, numbers the paragraphs appearing in the introductory statements (regarding jurisdiction, venue, and the parties' identities) separately from the paragraphs in the remainder of the bodies of the complaints. For clarity, the Court therefore also specifies the page numbers on which cited paragraphs appear.

Street, Northwest." Araya v. Keleta, Case Nos. 2009 DRB 1388; 2009 DRB 3351; 2009 CPO

1579; 2009 CPO 1789, slip op. at 40 (D.C. Super. Ct. Aug. 24, 2011) [Dkt. No. 2-1]. Judge

Bayly acknowledged that "[w]hile Dr. Araya indisputably acquired the house at 1800 New

Jersey Avenue before the parties' marriage, he also very plainly acquired the house at 435 S

Street after the marriage," and that by joining the two properties into one "enlarged single

dwelling that lost its separate status," Dr. Araya had created an entity distributable as marital

property. Id. at 24. This ruling on the distribution of real property was affirmed by the District

of Columbia Court of Appeals, Araya v. Keleta, 65 A.3d 40, 49-57 (D.C. 2013), and the United

States Supreme Court subsequently denied Dr. Araya's petition for certiorari. Araya v. Keleta,

134 S. Ct. 426 (2013).

Dr. Araya then filed a civil lawsuit against Judge Bayly in this Court, alleging,

*inter alia*, that the distribution of real property at 1800 New Jersey Avenue, Northwest

constituted an unconstitutional taking and violated due process. See Araya v. Bayly, 875 F.

Supp. 2d 1 (D.D.C. 2012). Now-Chief Judge Roberts dismissed all of Dr. Araya's claims for

lack of subject matter jurisdiction under the Rooker-Feldman doctrine. Id. at 6.

In the present case, Dr. Araya asserts that the District unlawfully took his property

and redistributed it to a private party. Compl. at 3-4, ¶¶ 3-6. He further contends that even if the

District's actions might have constituted a legitimate exercise of eminent domain, the taking

nonetheless violated his rights under the Fifth Amendment to the United States Constitution

because he was not justly compensated. See id. at 12, ¶ 28. Dr. Araya asserts a number of other

claims regarding the alleged taking, including violations of the unconstitutional conditions

doctrine, id. at 20-21, ¶¶ 53-55, and the separation of powers doctrine. Id. at 24, ¶ 70. Dr. Araya

seeks various forms of monetary compensation including the fair market value of the property,

interest, attorneys' fees, costs, and other consequential damages, id. at 13, ¶¶ 31-32, as well as an injunction against further takings. Id. at 22-23, ¶ 65.

The District moves to dismiss the case for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. Defs.' Mot. Dismiss at 7-9. It argues in the alternative that Dr. Araya's claims are barred by issue preclusion. Id. at 9-10. The District also asserts that Dr. Araya lacks standing to seek injunctive relief because he has made no showing that he is likely to suffer the same injury again. Defs.' Opp. SJ Mot. at 4-5. Dr. Araya does not address the District's jurisdictional challenges in any of his filings; he seemingly only maintains that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(3). See Prop. Am. Compl. at 1, ¶ 1. The Court concludes that it lacks subject matter jurisdiction under Rooker-Feldman, and that Dr. Araya lacks standing to assert a claim for injunctive relief.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained either in the Constitution or in an act of Congress. See, e.g., Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir. 2005); Tabman v. FBI, 718 F. Supp. 2d 98, 100 (D.D.C. 2010). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. See Tabman v. FBI, 718 F. Supp. 2d at 100; Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). In determining whether to grant such a motion, the Court must construe the complaint in the plaintiff's favor and treat all well-pled allegations of fact as true. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). But the Court need not accept unsupported inferences or legal conclusions cast as factual allegations. See Primax Recoveries, Inc. v. Lee, 260 F. Supp. 2d

43, 47 (D.D.C. 2003). The Court may dispose of the motion on the basis of the complaint alone or it may consider materials beyond the pleadings "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." Scolaro v. D.C. Board of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).

In addition, in this case the Court is mindful that the plaintiff is proceeding *pro se*, and therefore his complaint is to be "held to a less stringent standard than complaints drafted by attorneys." Dorsey v. American Express Co., 499 F. Supp. 2d 1, 3 (D.D.C. 2007) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

### III. DISCUSSION

#### A. *The Rooker-Feldman Doctrine*

The Rooker-Feldman doctrine holds that "federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts," Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513, 1514 (D.C. Cir. 1996), and it implements the principle that the United States Supreme Court is the only federal court with authority to review judgments of such courts. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005) (citing 28 U.S.C. § 1257). The doctrine derives from two cases decided more than a half-century apart: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In each decision, the Supreme Court rejected efforts "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. at 284.

The Supreme Court recently has cautioned that <u>Rooker</u>-<u>Feldman</u> is a "narrow doctrine," <u>Lance v. Dennis</u>, 546 U.S. 459, 464 (2006), which should not "supersed[e] the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. at 281. Rather, "<u>Rooker</u>-<u>Feldman</u> bars a losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" <u>Id</u>. at 287 (quoting <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994)).

*B. Analysis*

Dr. Araya seeks precisely what this Court lacks jurisdiction to grant — review and rejection of a judgment rendered by the Superior Court of the District of Columbia. His complaint by its very terms asserts that "defendant District of Columbia through its . . . judicial branch . . . took [my] property," Compl. at 3, ¶ 3, allegedly in violation of the Fifth Amendment, <u>see id</u>. at 12, ¶ 28; and he seeks damages based on this alleged taking. <u>Id</u>. at 13, ¶¶ 30-32. Dr. Araya thus claims that "the [D.C. court's] judgment itself violates [his] federal rights." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. at 287 (quoting <u>Johnson v. De Grandy</u>, 512 U.S. at 1006). Such a claim is squarely foreclosed by the <u>Rooker</u>-<u>Feldman</u> doctrine. And this should come as no surprise to Dr. Araya, whose previous attempt to challenge this same Superior Court divorce judgment likewise was dismissed by Chief Judge Roberts for want of jurisdiction under <u>Rooker</u>-<u>Feldman</u>. <u>See</u> <u>Araya v. Bayly</u>, 875 F. Supp. 2d at 6. A plaintiff seeking review of a judgment rendered by a state or D.C. trial court must appeal through that state's judicial system, and then, if appropriate grounds exist, he or she can petition the United States Supreme Court for a writ of certiorari. <u>See</u> 28 U.S.C. § 1257; <u>Exxon Mobil Corp. v. Saudi</u>

Basic Indus. Corp., 544 U.S. at 291-92. Indeed, Dr. Araya already has traveled this course, but

unsuccessfully. See Araya v. Keleta, 65 A.3d 40; Araya v. Keleta, 134 S. Ct. 426. He now

believes that his desired relief may be sought in a federal district court, but he is wrong. This

Court lacks jurisdiction to entertain his effort to obtain review of the Superior Court's judgment.

Accordingly, Dr. Araya's numerous claims based on this premise — centered on the alleged

unconstitutional taking of his real property — must be dismissed under Rule 12(b)(1) of the

Federal Rules of Civil Procedure.[5]

Dr. Araya also requests that this Court enjoin the District of Columbia from

"further taking of private properties for private use without a public use or public purpose."

Compl. at 22-23, ¶ 65. As the District correctly points out, see Defs.' Opp. SJ Mot. at 4-5, this

claim for relief must also be dismissed for lack of subject matter jurisdiction, but on a different

ground — namely, that Dr. Araya lacks standing to assert such a claim. Dr. Araya has not shown

any likelihood that he will again be subject to the District's disposition of his property by

granting possession over it to another person. Consequently, he lacks standing to seek injunctive

relief. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding that a plaintiff

seeking injunctive relief must show a "real or immediate threat that [he] will be wronged again"

to establish Article III standing); see also NB ex rel. Peacock v. District of Columbia, 682 F.3d

77, 82-86 (D.C. Cir. 2012).

---

[5] The Court has examined all papers submitted by both parties and concludes that none of the other pending motions — all filed by Dr. Araya — offer any arguments that would change this dispositive dismissal for lack of jurisdiction. Accordingly, the Court denies these motions. The Court notes further that one of the motions is a request to amend the complaint. Although courts "freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), the Court denies Dr. Araya's motion because, since the Court lacks jurisdiction to adjudicate his claims, granting the motion to amend would be futile.

## IV. CONCLUSION

The Court concludes that Dr. Araya's claims for retrospective relief against the District of Columbia based on his challenge to the judgment of the Superior Court of the District of Columbia are barred under the <u>Rooker</u>-<u>Feldman</u> doctrine. In addition, Dr. Araya lacks standing to assert his claim for injunctive relief. Accordingly, the Court will grant the District's motion to dismiss, and it will dismiss this action with prejudice. An appropriate Order of dismissal accompanies this Memorandum Opinion, as does a separate Order denying the plaintiff's three motions.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 18, 2014